IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ZULMA RODRÍGUEZ REYES,

      Plaintiff,

          v.                       CIVIL NO.: 10-1043 (MEL)

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration;

      Defendant.

## OPINION AND ORDER

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Zulma Rodríguez Reyes, born September 29, 1950, holds an associate's degree in sociology, and worked as a buyer, or purchasing agent, from 1984 until October 1, 2003. (Tr. 73, 91-92, 106, 324, 331.)  On May 24, 2004, plaintiff filed an administrative claim for social security benefits, claiming that since she stopped working, she had been disabled by fibromyalgia, depression, migraine, and asthma. (Tr. 90-92.) Plaintiff's application for social security benefits was denied initially as well as on reconsideration. (Tr. 16, 43, 51.)  After her timely written request for a hearing was granted, her claim was denied by an Administrative Law Judge ("ALJ") on October 30, 2007.  (Tr. 10-16.)  The Appeals Council denied plaintiff's request for review of the ALJ's decision on November 30, 3009; as a result, the ALJ's decision became the final decision of the Commissioner of Social Security ("defendant"). (Tr. 5.)

On January 25, 2010, plaintiff filed the complaint in this case seeking review of the ALJ's decision pursuant to 42 U.S.C. § 405(g), alleging that the ALJ's decision was not based on substantial evidence. (Docket No. 2.) Defendant answered the complaint.  (Docket No. 10.) Pending

before the court is defendant's motion to enter judgment for the plaintiff, reverse the administrative decision, and remand the matter to the Appeals Council for further review, where the defendant suggests that plaintiff would be denied benefits on a different basis. (Docket No. 16.)  Plaintiff, incorporating arguments from her memorandum of law as to the merits of the instant case, opposes the motion in part, specifically requesting that on remand she be afforded a *de novo* hearing with a medical expert and a vocational expert. (Docket No. 20, 24; see Docket No. 22.)  Defendant has replied, and plaintiff has sur-replied. (Docket Nos. 23-24.)

Section 205(g) of the Social Security Act provides, *inter alia*, that "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," and that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).[1]  Generally, "[i]n Social Security cases, the Court must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).  In the instant case, both parties request a remand, so the issue before the court is the scope of the remand order.

## II.    LEGAL STANDARD

Claims for disability benefits are evaluated according to the five-step sequential evaluation process prescribed by Social Security regulations. 20 C.F.R. §404.1520; Barnhart v. Thomas, 540

---

[1] The Social Security Act also provides for a court to remand the case to the Commissioner of Social Security without entering judgment, but only on motion by the Commissioner made before the Commissioner has answered the complaint.  42 U.S.C. § 405(g).  Since the Commissioner has answered the complaint in the instant case, the court is obliged to enter judgment. See Shalala v. Schaefer, 509 U.S. 292, 297 (1993).

U.S. 20, 24-25 (2003); <u>Cleveland v. Policy Mgmt. Sys. Corp.</u>, 526 U.S. 795, 804 (1999).

> Through step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. 20 C.F.R. §§ 404.1520(b). If he/she is not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. <u>See</u> 20 C.F.R. §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, app. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing work he/she has performed in the past. If the claimant is able to perform his/her previous work, . . . he/she is not disabled. 20 C.F.R. § 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether the claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. 20 C.F.R. § 404.1520(f).

<u>Sosa v. Comm'r of Soc. Sec.</u>, 550 F. Supp. 2d 279, 284 (D.P.R. 2008).

"The claimant has the burden, under steps one through four, of proving that he cannot return to his former employment because of the alleged disability. Once a claimant has demonstrated a severe impairment that prohibits return to his previous employment, the Commissioner has the burden, under step five, to prove the existence of other jobs in the national economy that the claimant can perform." <u>Berríos Vélez v. Barnhart</u>, 402 F. Supp. 2d 386, 390 (D.P.R. 2005) (<u>citing Santiago v. Sec'y of Health & Human Servs.</u>, 944 F.2d 1, 5 (1st Cir. 1991) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 890 F.2d 520, 524 (1st Cir. 1989) (per curiam)).

III.    **THE ALJ'S FINDINGS**

After evaluating the evidence of record, the ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2006. . . .

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of October 1, 2003 through her date last insured of December 31, 2006 (20 CFR § 404.1520(b) and §404.1571, *et seq*.). . . .

3. Through the date last insured, the claimant had the following severe combination of impairments: fibromyalgia syndrome, mild discogenic disease of the cervical spine with C4/C5 radiculopathy; bilateral carpal tunnel syndrome; lumbosacral radiculopathy, hip osteopenia and [] major depression (20 CFR 404.1520(c)). . . .

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Supbart P, Appendix 1 (20 CFR 404.1525 and 4004.1526). . . .

5. . . . [T]hrough the date last insured, the claimant had the residual functional capacity to perform medium work. [Sh]e could lift/carry 50 pounds occasionally and 25 pounds, frequently. She could sit, stand/walk for about six hours in an eight-hour workday. She had unlimited capacity for pushing/pulling, such as in the operation of hand or foot controls. She had no postural, manipulative, visual, or communicative limitations. She could not be exposed to respiratory irritants such as dust, fumes or strong odors or to temperature or humidity changes.  Mentally, she could not follow, understand or carry out detailed or technically complex job instructions. Nevertheless, during the period at issue, the claimant retained the ability to understand and carry out simple job instructions. She retained the ability to adapt to changes in her environment or routine work setting, as well as related appropriately to co-workers and supervisors.  She also retained the ability to maintain adequate attention and concentration spans for at least two-hour intervals, throughout a workday or workweek. . . .

6. Through the date last insured, the claimant's past relevant work as purchasing agent did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565). . . .

7. The claimant was not under a disability as defined in the Social Security Act, at any time from October 1, 2003, the alleged onset date, through December 31, 2006, the date last insured (20 CFR 404.1520(f)).

(Tr. 18-26.)

## IV.   ANALYSIS

Defendant's motion to remand concedes that the ALJ erred in his decision that plaintiff's past work as a purchasing agent does not exceed her residual functional capacity (RFC).  Plaintiff agrees that the ALJ erred in that respect because although the ALJ cites the hearing testimony of a vocational expert for the proposition that plaintiff's RFC was compatible with the demands of her past relevant work, the vocational expert did not clearly opine as such. (Tr. 25, 353-62.)  Moreover, the ALJ's conclusion that plaintiff "could not follow, understand or carry out detailed or technically complex job instructions" does not appear compatible with the Dictionary of Occupational Titles job description cited by the vocational expert and referenced in the ALJ's decision:

> 162.157-038 PURCHASING AGENT (profess. & kin.) alternate titles: buyer
>
> Coordinates activities involved with procuring goods and services, such as raw materials, equipment, tools, parts, supplies, and advertising, for establishment: Reviews requisitions. Confers with vendors to obtain product or service information, such as price, availability, and delivery schedule. Selects products for purchase by testing, observing, or examining items. Estimates values according to knowledge of market price. Determines method of procurement, such as direct purchase or bid. Prepares purchase orders or bid requests. Reviews bid proposals and negotiates contracts within budgetary limitations and scope of authority. Maintains manual or computerized procurement records, such as items or services purchased, costs, delivery, product quality or performance, and inventories. Discusses defective or unacceptable goods or services with inspection or quality control personnel, users, vendors, and others to determine source of trouble and take corrective action. May approve invoices for payment. May expedite delivery of goods to users.

Dictionary of Occupational Titles (4th Ed., Rev. 1991).  While the ALJ found that plaintiff retains "the ability to understand or carry out simple job instructions" and to concentrate for "at least two hour intervals throughout a workday," the job of a purchasing agent requires more.  Therefore,

substantial evidence does not support the ALJ's decision that plaintiff retained the RFC to perform her past work.

## V.    CONCLUSION

For the reasons explained above, defendant's motion to remand (Docket No. 16) is GRANTED.  This case is remanded to the ALJ to reevaluate step four of the analysis in light of all the evidence of record, addressing whether plaintiff is capable of performing her past work as a purchasing agent, and to continue to step five.  If necessary, the ALJ shall conduct a *de novo* hearing with a medical expert and a vocational expert.  Judgment shall be entered for the plaintiff, and, accordingly, plaintiff will be eligible for attorney's fees under the Equal Access to Justice Act. See 28 U.S.C. § 2412(d); Shalala v. Schaefer, 509 U.S. 292, 297-98 (1993).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of August, 2010.

s/Marcos López
U.S. MAGISTRATE JUDGE